ORIGINAL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

Filed at 10:43 AM
DATE 3-22-2013
Elizabeth Long
DEPUTY CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

CALVIN RICHARDSON and
DENISE RICHARDSON,
    Plaintiffs,

-vs-

COREY MASON,

    Defendant.

CASE NO. 4:11-CV-124

## VERDICT
## AND SPECIAL INTERROGATORIES TO THE JURY

### Denise Richardson's Claim

**Do you find from a preponderance of the evidence:**

1. That the Defendant intentionally committed acts that violated Denise Richardson's federal constitutional right not to be subjected to an unreasonable search?

    Answer Yes or No    **YES**

2. That the Defendant's acts were the proximate or legal cause of damages sustained by Denise Richardson?

    Answer Yes or No    **YES**

[Note: If you answered "No" to either Question 1 or 2, skip Question 3 and go to Question 4.]

1

3. That Denise Richardson should be awarded damages to compensate her?

Answer Yes or No  YES

If your answer is Yes, in what amount?  $ 2.5 million

## Calvin Richardson's Claim

**Do you find from a preponderance of the evidence:**

4. That the Defendant intentionally committed acts that violated Calvin Richardson's federal constitutional right not to be subjected to an unreasonable search?

Answer Yes or No  YES

5. That the Defendant's acts were the proximate or legal cause of damages sustained by Calvin Richardson?

Answer Yes or No  YES

[Note: If you answered "No" to either Question 4 or 5, skip Question 6 and go to "Special Interrogatories" on page 3.]

6. That Calvin Richardson should be awarded damages to compensate him regarding the search of his person?

Answer Yes or No  YES

If your answer is Yes, in what amount?  $ 2.5 million

# SPECIAL INTERROGATORIES

## Denise Richardson's Claim

If you found in favor of Denise Richardson on her claim and awarded her compensatory damages, answer the following questions "Yes" or "No." If you found in favor of Defendant Corey Mason on Denise Richardson's claim and awarded no compensatory damages to Denise Richardson, skip Questions 1-11 below and go to the section entitled "Calvin Richardson's Claim" that starts on page 6.

1. Did Defendant Corey Mason direct Tammye Atkinson to search under Denise Richardson's clothing? __YES__

2. Could Defendant Corey Mason's instructions to Tammye Atkinson reasonably be interpreted to include directions to search Denise Richardson's vaginal and/or rectal areas? __YES__

3. Did Defendant Corey Mason have a reasonable suspicion that Denise Richardson had illegal drugs hidden under her clothing in the areas that he directed she be searched? __YES__

For the purposes of this question, "reasonable suspicion" means that the specific facts and circumstances known to Corey Mason, together with reasonable inferences from those facts and circumstances, would justify a reasonably prudent officer to believe

3

that Denise Richardson had illegal drugs hidden under her clothing in the areas that he directed she be searched.

4. Did Tammye Atkinson search for illegal drugs under Denise Richardson's clothing? __YES__

5. During her search of Denise Richardson, did Tammye Atkinson view any parts of Denise Richardson's body that were covered with clothing before Atkinson began her search? __YES__

6. If the answer to the preceding question was "Yes," state the parts of Denise Richardson's body that were covered with clothing before the search and that Tammye Atkinson visually inspected during the search?

   __BREASTS__

   _____

7. During her search of Denise Richardson, did Tammye Atkinson physically touch Denise Richardson's body? __YES__

8. During her search of Denise Richardson, did Tammye Atkinson probe Denise Richardson's vaginal area? __NO__

9. During her search of Denise Richardson, did Tammye Atkinson probe Denise Richardson's rectal area? __NO__

10.  During her search of Denise Richardson, did Tammye Atkinson touch Denise Richardson's unclothed breast area?  __No__

11.  Did Tammye Atkinson's search of Denise Richardson last more than five minutes?  __No__

## Calvin Richardson's Claim

If you found in favor of Calvin Richardson on his claim and awarded him compensatory damages, answer the following questions "Yes" or "No." If you found in favor of Corey Mason on Calvin Richardson's claim against him, skip Questions 1-9 below and have your foreperson sign and date the verdict form in the place indicated.

1. Did Defendant Corey Mason search for illegal drugs under Calvin Richardson's clothing?  __YES__

2. During his search of Calvin Richardson, did Corey Mason view any parts of Calvin Richardson's body that were covered with clothing before Mason began his search?  __YES__

3. If the answer to the preceding question was "Yes," state the parts of Calvin Richardson's body that were covered with clothing before the search and that Corey Mason visually inspected during the search?  __BUTTOCKS, GROIN (TESTICLES)__

4. Did Defendant Corey Mason have a reasonable suspicion that Calvin Richardson had drugs hidden in the areas of his person that Mason searched?  __YES__

6

For the purposes of the preceding question, "reasonable suspicion" means that the specific facts and circumstances known to Corey Mason, together with reasonable inferences from those facts and circumstances, would justify a reasonably prudent officer to believe that Calvin Richardson had illegal drugs hidden in the areas that Mason searched.

5. During his search of Calvin Richardson, did Corey Mason physically touch Calvin Richardson's body?  __YES__

6. During his search of Calvin Richardson, did Corey Mason probe Calvin Richardson's testicles area?  __YES__

7. During his search of Calvin Richardson, did Corey Mason probe Calvin Richardson's rectal area?  __YES__

8. Did Corey Mason's search of Calvin Richardson last more than five minutes?  __No__

9. Was Corey Mason's search of Calvin Richardson done in a manner that reasonably shielded the search of Calvin Richardson from public view?  __No__

SO SAY WE ALL.

_____       _____
Foreperson                                                    Date